**David Lloyd HEADRICK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45735.**

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Rehearing Denied April 11, 1973.

Gerald K. Fugit, Odessa, for appellant.

Calvin W. Wesch, Dist. Atty., Kermit, Ken G. Spencer, County Atty., Crane, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for felony theft; the punishment, four years' imprisonment.

The appellant was indicted in Crane County and it appears that a trial in that county resulted in a mistrial because the jury was unable to reach a verdict. The State's brief states the case was transferred to Winkler County on a motion for change of venue filed by the appellant. However, the record does not contain an order reflecting the transfer of this case on a change of venue to Winkler County.[1]

The sufficiency of the evidence is challenged. We find that the evidence is insufficient to support the offense alleged in the indictment.

The charging portion of the indictment alleges "that David Lloyd Headrick, on or about the 11 day of August, A.D. 1969, . . . . did . . . . unlawfully and fraudulently take one AIRCO Compressor Unit, Model number 208–2795 bearing Serial number 9996 of the value of over Fifty dollars the same then and there being the corporeal personal property of and belonging to Crane County, Texas, a political subdivision of the State of Texas, who is hereinafter called 'Injured Party,' from the possession of the said injured party, without the consent of the said injured party and with the intent then and there to deprive the said injured party of the value of the same, and to appropriate it to the use of and benefit of the said David Lloyd Headrick."

The evidence essential to an understanding of the case will be summarized. The dates referred to are all in the year 1969. The appellant was the administrator of the Crane County Memorial Hospital. On July 15, he purchased from Surgical Medical Supply, Inc., an Ohio Hand E Vent Compressor referred to as an IPPB machine. This machine is used by persons suffering with asthma and emphysema and other respiratory difficulties. The appellant instructed Dan Pointer, the sales representative for Surgical Medical Supply to bill the machine to Dane Enterprises, and it was so billed. Upon inquiry by Pointer he was told that Dane Enterprises was owned by the appellant. Appellant also told Pointer that he was purchasing the machine for use of a daughter of a member of the Hospital Board.

The machine was delivered to the appellant at the hospital about the middle of July. Margaret Modesette, an employee of the hospital, saw the IPPB machine in the appellant's office, and, having need for such a machine, she asked the appellant if he would sell it to her. The appellant told her he would either sell it to her for one hundred seventy-five dollars, or that he would rent it to her. She said that she wanted to purchase the machine for cash, and the machine was delivered to her sometime during the latter part of July.

The appellant, as administrator of the hospital, was authorized to make purchases of hospital supplies for the hospital costing up to two hundred dollars without getting prior authority from the Hospital Board of Directors. The appellant signed a purchase order dated July 28th in behalf of

---

1. No objection was made to the change of venue.

the hospital, to purchase from Dane Enterprises one IPPB machine at a cost of one hundred seventy-five dollars. A copy of the purchase order and Dane Enterprises' statement for payment by the hospital for the machine was delivered to the Hospital Board. On August 7th the Board met and approved the purchase and submitted the bill for payment to the Commissioners Court. The Commissioners Court met on August 11th, approved the bill, ordered it paid and authorized a warrant to be drawn in favor of Dane Enterprises from the Hospital Fund. The appellant was in attendance at that meeting of the Hospital Board, and, apparently without further inquiry being made, stated that two people in Crane, who he did not name, were the owners of Dane Enterprises. The warrant for the machine was endorsed "For deposit only, Dane Enterprises" and deposited to an account of Dane Enterprises in the First State Bank of Crane on August 13th. It was shown that only the appellant was authorized to draw money from that account.

On August 13th the County Auditor apparently became suspicious of the purchase of the machine and discussed it with the County Judge, who made some other investigation of the matter. In a telephone conversation between the County Judge and the appellant, the County Judge was told by the appellant that his wife was in fact the owner of Dane Enterprises.

On August 14th the County Commissioners and the Hospital Board had a joint meeting. The appellant was invited to attend. The appellant told the Board and the Commissioners that his wife was the owner of Dane Enterprises, and that he had sold the machine to Mrs. Modesette. At that meeting the appellant was dismissed. Among the deductions from his termination pay was one hundred seventy-five dollars which had been paid to Dane Enterprises pursuant to the statement for the IPPB machine.

Thereafter, the County Commissioners instructed a Deputy Sheriff to go to the home of Mrs. Modesette and obtain the machine. Mrs. Modesette, who had not yet paid the appellant for the machine, let the Deputy Sheriff have it.

It is obvious from these facts that Crane County had never become the owner of the IPPB machine which the appellant had sold to Mrs. Modesette, and the machine, therefore, could not be the subject of *theft* or *embezzlement* from the county. We need not pass on whether the evidence in this record would have supported an indictment charging theft of one hundred seventy-five dollars in money under the theory of false pretext.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.